NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

HALF–CENTURY, INC. d/b/a Holiday Inn of Niles, Michigan, Respondent.

No. 79–1276.

United States Court of Appeals, Sixth Circuit.

Jan. 21, 1981.

Elliott Moore, Deputy Associate Gen. Counsel, N. L. R. B., Washington, D. C., Paul J. Spielbert, Patrick Kavanagh, Wash-

ington, D. C., Bernard Gottfried, Director, Region 7, N. L. R. B., Detroit, Mich., Karen Ward, Washington, D. C., for petitioner.

John A. McDonald, Keck, Cushman, Mahin & Gate, Steven H. Adelman, Carla J. Rozycki, Michael Flaherty, Chicago, Ill., for respondent.

Before KEITH, BROWN and JONES, Circuit Judges.

### ORDER

Petitioner, National Labor Relations Board, seeks enforcement of its bargaining order, the Board having found that respondent, Half-Century, Inc., d/b/a Holiday Inn of Niles, Michigan, was guilty of an unfair labor practice in that it improperly refused to bargain with a union with respect to the employees of the respondent. The Board's decision and order are reported at 241 N.L. R.B. No. 101.

The respondent, Half-Century, purchased this Holiday Inn on December 19, 1977, and at that time there was an existing contract with Local 103 of the involved union. Respondent concedes that, under the Act, it had the duty as a successor to bargain with the union as a representative of its employees although it was not bound by the existing contract which would not have expired for eighteen months. Respondent at the outset advised the employees that they would have all rights provided for in the past contract with some additional advantages with respect to taking their meals at their place of work.

During the period from the purchase of this property by respondent and down to the issuance of the complaint by the Board for alleged failure to bargain on April 4, 1978, there was considerable contact between the president of respondent and a representative of the union. There was not, however, any actual bargaining between them with the result that on February 9, 1978, the union filed an unfair labor practice charge with the Board alleging refusal to bargain. The complaint issued, as stated, on April 4, 1978.

On April 7, 1978 a representative of respondent and a representative of the union met for bargaining purposes, and respondent indicated a willingness to sign a contract with the union that had been negotiated with the prior employer. The representative of the union, however, indicated that the union was unwilling to go along with the old contract and certain changes would have to be made. These negotiations continued on April 19, 20 and 21, 1978, with respondent continuing to offer to sign a contract containing the terms of the existing contract, but the union refused, both sides making some concessions as the negotiations went on.

On April 28, 1978, employees of respondent presented to it a petition, signed by two-thirds of the employees, asking that the union cease to be their representative. Upon receiving this petition, the employer, the respondent, broke off negotiations with the union.

The Administrative Law Judge and the Board found that respondent had committed an unfair labor practice by refusing to bargain by the time the union filed such charge with the Board.

After consideration of the arguments, the briefs, and the entire record in this cause, we have reached the conclusion that the bargaining order should not be enforced. In the first place, in order to support a bargaining order, there must be a clear request by the union to bargain and a refusal to bargain by the employer. Under the circumstances presented here, we do not believe that there is substantial evidence to support the Board's contention that there was a refusal to bargain by the respondent.

We are also of the opinion that a bargaining order would be particularly inappropriate under all the circumstances presented here because it is without dispute that after respondent had begun its bargaining with the union, offering to sign a contract with the terms of the past one with some improvement from the point of view of the employees, and while such bargaining negotiations were going on from day to day, the employees of respondent presented a peti-

tion, signed by two-thirds of the employees, indicating that they no longer wanted the union to represent them. There is no finding by the Board and no contention made that such indication by the employees was in any way induced by the respondent. There is also no finding by the Board that the bargaining that occurred in April was not conducted in good faith. We do not believe it would be appropriate to enforce a bargaining order as between this respondent and the union when, during the period that bargaining was taking place between them, the employees on their own volition made the decision to terminate the union's representation of them.

It is therefore Ordered and Adjudged that the enforcement order of the Board be and the same is hereby denied.